UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

RICHARD ALLEN FABEL,

    Defendant.

Case No. CR06-41RSL

ORDER GRANTING MOTION TO CLARIFY, CLARIFYING PRIOR ORDER, AND AFFIRMING MAGISTRATE JUDGE'S DETENTION ORDER

This matter comes before the Court on the Government's Motion to Clarify Order (Dkt. #121) requesting that the Court clarify its order Affirming Magistrate Judge's Detention Order (Dkt. #120, the "Order"). In the Order, the Court denied defendant's Motion to Review Order of Detention and erroneously imported some of the facts regarding another defendant into the Order. Therefore, the Court hereby clarifies the Order.

The Court has reviewed the transcript of the February 16, 2006 detention hearing before the Honorable Cynthia Imbrogno, United States Magistrate Judge in Spokane; defendant's motion for revocation of the detention order; the Government's opposition to revocation of the detention order; the recorded April 10, 2006 detention hearing before Judge Donohue and the

ORDER - 1

remainder of the record.  It considers *de novo* the detention order issued by Judge Donohue.  U.S. v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990).

The Court will detain defendant prior to trial if it determines "that no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e).  Pursuant to 18 U.S.C. § 3142(g), the Court considers four factors when deciding if defendant is a danger to the community: "(1) [t]he nature and circumstances of the offense charged . . . (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  The Government bears the burden of establishing "by clear and convincing evidence that the defendant poses a danger to the community."  United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991).

The Court finds by clear and convincing evidence that defendant poses a danger to the community.  Defendant is charged with racketeering.  The Court clarifies that he has not been charged in the substantive counts nor specifically named in any of the Predicate Acts involving Murder or Witness Tampering.  The Court further clarifies that defendant has not been charged with a capital crime.  However, as President of the Washington Nomads Chapter of the Hells Angels Motorcycle Club, the defendant had ultimate decision-making authority for the activities of the Hells Angels in the State of Washington.  Those decisions included directing, sanctioning, approving, and permitting other members to engage in criminal activities including murder, attempted murder, intimidation, extortion, and robbery.  These facts clearly demonstrate that defendant poses a significant risk to individuals involved in this trial and to the community at large.

For all of the foregoing reasons, the Government's Motion to Clarify Order (Dkt. #121) is GRANTED, the Court clarifies the Order as set forth above, and defendant's "Motion to Review

ORDER - 2

1  Order of Detention" (Dkt. #86) is DENIED.

2

3         DATED this 23rd day of June, 2006.

                                        _____
                                        Robert S. Lasnik
                                        United States District Judge

28 ORDER - 3