UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

RICHARD ALLEN FABEL,
RODNEY ROLLNESS,
JOSHUA BINDER, and
RICKY JENKS, and
PAUL FOSTER.

    Defendants.

Case No.  CR06-041L

ORDER GRANTING IN PART AND DENYING IN PART FABEL'S MOTIONS IN LIMINE

## I.  INTRODUCTION

This matter comes before the Court on defendant Fabel's "Motions in Limine" (Dkt. #417).  For the reasons discussed below, Fabel's motions are granted in part and denied in part.

## II.  DISCUSSION

In order to prove the RICO charges in this case, the Government must prove, beyond a reasonable doubt, the existence of an enterprise.  To meet this burden, the Government may present evidence of the "structure, common purpose, and continuity of the charged enterprise." United States v. Salerno, 108 F.3d 730, 739 (7th Cir. 1997).  Evidence to establish the existence and nature of the enterprise is not barred by Rule 404(b)'s prohibition of "other crimes"

1  evidence.  Id.

2        Even if evidence is not barred by Rule 404(b), it still must still pass muster under Rule

3  403.  Federal Rule of Evidence 403 states that otherwise relevant evidence "may be excluded if

4  its probative value is substantially outweighed by the danger of unfair prejudice, confusion of

5  the issues, or misleading the jury, or by considerations of undue delay, waste of time, or

6  needless presentation of cumulative evidence."  The Court has "discretion to admit evidence that

7  sheds light on disputed issues of fact at trial if the court balances the probative value of such

8  evidence against its prejudicial effect."  United States v. Taylor, 239 F.3d 994, 999 (9th Cir.

9  2001).

10  **A.  Personal Drug Use**

11        Fabel seeks to prohibit the Government from introducing evidence related to his personal

12  drug use.  Evidence related to drug use is relevant to establishing the nature of the enterprise and

13  the manner in which it operated.  His motion in limine to exclude such evidence is denied.

14  **B.  Fabel's Use of Hells Angels Members to Pick Up Methamphetamine**

15        Fabel's motion in limine to exclude evidence indicating that he used Hells Angels

16  members to pick up methamphetamine is similarly relevant to establishing the nature of the

17  enterprise and the manner in which it operated.  His motion in limine to exclude such evidence

18  is denied.

19  **C.  Evidence of Pay-Offs to Judge**

20        Fabel's motion in limine to exclude evidence related to the alleged use of Rick Naccarato

21  to pay off a judge is granted.

22  **D.  Uncharged Racketeering Acts and Evidence of Enterprise**

23        **1.  January 5, 1996 Search**

24        Fabel seeks to exclude evidence obtained in a 1996 search of the Hells Angels clubhouse

25  which resulted in the seizure of six ounces of methamphetamine, two shotguns and two hand

26  guns.  The presence of drugs and firearms is relevant to proving the nature and scope of the

ORDER GRANTING IN PART AND
DENYING IN PART FABEL'S MOTIONS
IN LIMINE

1    enterprise.  This motion in limine is denied.

2    **2.     Tim Meyer's Killing of Member of Ghost Riders Motorcycle Club**

3    Fabel's motion in limine seeks to exclude evidence of Tim Meyers' murder of a member

4    of the Ghost Riders motorcycle club.  Meyers was acquitted.  Because of the relevance of the

5    incident to establishing the nature of the enterprise and its internal rules, the Court denies

6    Fabel's motion in limine.  Given the nature of the incident, however, it is important that the facts

7    of the incident are framed accurately for the jury.  If the Government chooses to introduce

8    evidence related to the incident, it should be in the form of a written stipulation or limited

9    testimony that makes it clear that Meyers was acquitted on murder charges and that the jury

10   found that he acted in self-defense.  Similarly, the incident should not be referred to as a

11   "murder."

12   **3.     Theft of Items from Mars Hotel & Casino**

13   Fabel's motion in limine to exclude evidence related to the theft of items from the Mars

14   Hotel is denied.  Such evidence is relevant to establishing the nature and organization of the

15   enterprise.

16   **4.     Possession of Methamphetamine, Brass Knuckles and Cash Recovered During
       June 19, 1996 Search of Fabel's House**
17
     Fabel seeks to exclude evidence seized during a search of his home on June 19, 1996.
18
     Items seized included methamphetamine, brass knuckles and approximately $19,000.  As
19
     explained above, evidence related to drug use is relevant to establishing the nature of the
20
     enterprise and the manner in which it operated.  The same holds true for possession of weapons,
21
     including brass knuckles.  Given the lack of reported wages for Fabel from 1987 through June
22
     1996, Fabel's possession of $19,000 is relevant to proving that he was enriched through the
23
     activities of the enterprise.  Fabel's motion in limine to exclude such evidence is denied.
24
     **5.     Intimidation of Spokane County Prosecutor**
25
     Fabel seeks to exclude evidence related to the intimidation of a Spokane County
26

ORDER GRANTING IN PART AND
DENYING IN PART FABEL'S MOTIONS
IN LIMINE

1    prosecutor in 1996.  Though Fabel was initially charged in relation to the alleged intimidation,

2    these charges were dismissed after a jury trial.  In dismissing the case, the judge noted that

3    "[t]here is absolutely not one shred of evidence connecting Mr. Fabel to anything improper at

4    the Mars Hotel."  Though evidence related to this incident may have some marginal probative

5    value in establishing the methods of the enterprise, any value is outweighed by its potential

6    prejudicial impact.  Fabel's motion in limine to exclude such evidence is granted.

7          **6.**    **Theft of Services from Evergreen Power Coating**

8          Fabel's motion in limine to exclude evidence related to the theft of services from

9    Evergreen Power Coating is denied.  Such evidence is relevant to establishing the nature and

10   organization of the enterprise.

11         **7.**    **Theft of "Indian Jack's" Motorcycle**

12         Fabel's motion in limine to exclude evidence related to the theft of "Indian Jack's"

13   motorcycle is denied.  Such evidence is relevant to establishing the nature and organization of

14   the enterprise.

15         **8.**    **Rollness Theft of Clifford Driggs' Motorcycle**

16         Fabel's motion in limine to exclude evidence related to the theft of Clifford Driggs'

17   motorcycle is denied.  Such evidence is relevant to establishing the nature and organization of

18   the enterprise.

19         **9.**    **Fabel's Solicitation of Hells Angels Members to Kill George Wegers**

20         Fabel's motion in limine to exclude evidence of his alleged solicitation of Hells Angels

21   members to kill George Wegers is denied.  Such evidence is relevant to establishing the nature

22   and organization of the enterprise, including Fabel's authority and position in the club.

23         **10.**    **Taxing of Jeff Mercer's Motorcycle**

24         Fabel's motion in limine to exclude evidence related to the taxing of Jeff Mercer's

25   motorcycle is denied.  Such evidence is relevant to establishing the nature and organization of

26

ORDER GRANTING IN PART AND
DENYING IN PART FABEL'S MOTIONS
IN LIMINE

1 the enterprise.

2       **11.    Fabel's Solicitation of CI-1 to Murder Stacy Midkiff**

3       Fabel's motion in limine seeks to exclude evidence related to his alleged solicitation of

4 CI-1 to kill Stacy Midkiff.  His request is denied.  Such evidence is relevant to establishing the

5 nature and organization of the enterprise, including Fabel's authority and position in the club.

6       **12.    Fabel's Solicitation of CI-1 to Burn Trailer**

7       Fabel's motion in limine to exclude evidence related to his alleged solicitation of CI-1 to

8 burn down a trailer to obtain insurance proceeds is denied.  Such evidence is relevant to

9 establishing the nature and organization of the enterprise, including Fabel's authority and

10 position in the club.

11       **13.    Theft of Motorcycle Parts from Evolution Motorcycle**

12       Fabel's motion in limine to exclude evidence related to the theft of motorcycle parts from

13 Evolution Motorcycle is denied.  Such evidence is relevant to establishing the nature and

14 organization of the enterprise.

15       **14.    Theft of Fred Anderson's Motorcycle**

16       Fabel's motion in limine to exclude evidence related to the theft of Fred Anderson's

17 motorcycle is denied.  Such evidence is relevant to establishing the nature and organization of

18 the enterprise.

19       **15.    Theft of Raymond Haley's Motorcycle**

20       Fabel's motion in limine to exclude evidence related to the theft of Raymond Haley's

21 motorcycle is denied.  Such evidence is relevant to establishing the nature and organization of

22 the enterprise.

23       **16.    Taxing of Motorcycles by Rollness**

24       Fabel seeks to exclude evidence related to a number of alleged motorcycle thefts and

25 taxings carried out by Rollness.  Such evidence is relevant to establishing the nature and

26

ORDER GRANTING IN PART AND
DENYING IN PART FABEL'S MOTIONS
IN LIMINE

1  organization of the enterprise, particularly as it relates to trafficking in stolen motorcycles.

2  Fabel's motion in limine to exclude such evidence is denied.

3  **17.    Taxing of Robert Rosa's Motorcycle and Tools**

4  Fabel's motion in limine to exclude evidence related to the taxing of Robert Rosa's

5  motorcycle is denied.  Such evidence is relevant to establishing the nature and organization of

6  the enterprise, including Fabel's authority and position in the club.

7  **18.    Binder's Taxing of Harley Davidson Ultra Custom FXSTC Motorcycle**

8  Fabel's motion in limine to exclude evidence related to Binder's taxing of a Harley

9  Davidson Ultra Custom FXSTC motorcycle is denied.  Such evidence is relevant to establishing

10  the nature and organization of the enterprise.

11  **19.    Burglary of CI-1's Residence**

12  Fabel's motion in limine to exclude evidence related to the burglary of CI-1's residence is

13  denied.  Such evidence is relevant to establishing the nature and organization of the enterprise.

14  **20.    Taxing of CI-1's Motorcycle**

15  Fabel's motion in limine to exclude evidence related to the taxing of CI-1's motorcycle is

16  denied.  Such evidence is relevant to establishing the nature and organization of the enterprise.

17  **21.    Rollness' Solicitation of M.K. to Murder CI**-1

18  Fabel seeks to exclude evidence of Rollness' solicitation of M.K. to murder CI-1.  He

19  argues that the alleged incident occurred after Rollness left the Hells Angels, that it is unduly

20  prejudicial and that it lacks evidentiary support.  Fabel's motion in limine to exclude such

21  evidence is denied.  The evidence is relevant to establishing the nature and organization of the

22  enterprise and to establishing the reasonableness of M.K.'s fear as it relates to his alleged

23  extortion.

24  **22.    Rollness' Solicitation to Kill Paul Foster**

25  Fabel also seeks to exclude evidence of Rollness' solicitation to kill Paul Foster.  The

26

ORDER GRANTING IN PART AND
DENYING IN PART FABEL'S MOTIONS
IN LIMINE

1 | evidence is relevant to establishing the nature and organization of the enterprise.  Fabel's motion
2 | in limine to exclude such evidence is denied.

3 | **23.    Rollness' Theft of Scott Hendricks' Motorcycle**

4 | Fabel's motion in limine to exclude evidence related to the theft of Scott Hendricks'
5 | motorcycle is denied.

6 | **24.    Rollness' Assault of B.E.**

7 | Fabel's motion in limine to exclude evidence related to Rollness' alleged assault of B.E.
8 | is denied.

9 | **25.    Shooting of Lonnie Taylor**

10 | Fabel seeks to exclude evidence related to the shooting of Lonnie Taylor.  The Court
11 | grants in part and denies in part Fabel's motion in limine to exclude such evidence for the same
12 | reasons described in the Court's order on Jenks' motions in limine.  <u>See</u> Order Granting in Part
13 | and Denying in Part Jenks' Motions in Limine, pp. 4-5.

14 | **26.    Intimidation of Witnesses By Binder Related to Magnesi Assault Trial in July 2000**
15
16 | Fabel's motion in limine to exclude evidence related to the alleged intimidation of
17 | witnesses related to Anthony Magnesi's assault trial is denied for the same reasons described in
18 | the Court's order on Binder's motions in limine.  <u>See</u> Order Granting in Part and Denying in
 | Part Binder's Motions in Limine, p. 4.
19 | **27.    Anthony Magnesi Assaults**
20 | The Court grants Fabel's motion in limine to exclude evidence related to the 2003 and
21 | 2005 assault charges against Anthony Magnesi.
22 | **28.    Laughlin Assault and Murder of Mongols Motorcycle Club Members**
23 | The Court grants Fabel's motion in limine to exclude evidence related to the Laughlin
24 | assault and murder of Mongols.
25 | **29.    Binder's Distribution of Methampehtamine to Peter Martin and Others**
26

ORDER GRANTING IN PART AND
DENYING IN PART FABEL'S MOTIONS
IN LIMINE

1   Fabel's motion in limine to exclude evidence related to Binder's alleged distribution of

2   methamphetamine to Peter Martin and others is denied.  Such evidence is relevant to

3   establishing the nature of the enterprise.

4          **30.    Threats Toward Heather Martin**

5   Fabel's motion in limine to exclude evidence related to the alleged threats made to

6   Heather Martin is denied.  Such evidence is relevant to establishing the nature and objectives of

7   the enterprise, including Fabel's authority and position in the club.

8          **31.    Intimidation of Greg Baldwin During Witness Interview**

9   Fabel's motion in limine to exclude evidence related to the alleged intimidation of Greg

10  Baldwin by a defense investigator and others is granted.

11         **32.    Evidence Regarding Death of Fabel's Former Wife**

12  Fabel's motion in limine to exclude evidence related to the death of his former wife is

13  granted.

14         **33.    Alleged Rape of Jayme Fabel's Friend**

15  Fabel's motion in limine to exclude evidence related to the alleged rape of Jayme Fabel's

16  friend is granted.

17         **34.    Guns Stored on Parents' Property**

18  Fabel's motion in limine to exclude evidence related to allegations that Fabel stored

19  firearms on his parents' property is denied.  Such evidence is relevant to establishing the nature

20  of the enterprise.

21         **35.    Transportation of Firearms to Laughlin**

22  Fabel's motion in limine to exclude evidence related to the transport of firearms to

23  Laughlin is granted.

24         **36.    Images on Fabel's Computer**

25  Fabel seeks to prohibit the Government from admitting evidence relating to images seized

26

ORDER GRANTING IN PART AND
DENYING IN PART FABEL'S MOTIONS
IN LIMINE

1  from his computer during a 2006 search of his residence.  This evidence is relevant to

2  establishing the existence of the enterprise and Fabel's association and role in the enterprise.

3  Fabel's motion in limine to exclude such evidence is denied.

4      **37.    Fabel's Prior Convictions**

5      Fabel's motion in limine seeks to exclude evidence of his prior convictions.  Though the

6  Government initially stated that they did not intend to introduce such evidence in its case-in-

7  chief, it has since notified the Court that it seeks to introduce evidence of Fabel's past

8  convictions to explain why Fabel himself did not carry a firearm.  <u>See</u> Government's

9  Supplemental Memorandum Regarding Racketeering Evidence (Dkt. #488).  Because defendants

10 have not yet had a chance to respond to the Government's supplemental memorandum, the Court

11 will address this issue at trial.  All parties should refrain from making reference to Fabel's past

12 convictions during jury selection.

13     **38.    Insurance Claim by James Steadman**

14     Fabel's motion in limine to exclude evidence related to alleged insurance fraud involving

15 James Steadman and Joshua Binder is denied.  Such evidence is relevant to establishing how the

16 enterprise assisted its members in committing insurance fraud through the use of stolen

17 motorcycles.

18     **39.    Reference to Hells Angels as "Gang"**

19     Fabel's motion in limine seeks to prohibit Government lawyers and witnesses from

20 characterizing or referring to the Hells Angels as a "gang."  The motion is granted as to

21 Government lawyers and police witnesses.

22     **40.    Accusation that Stuart Block was Methamphetamine Cook**

23     Fabel's motion in limine to exclude evidence related to Stuart Block's activites related to

24 methamphetamine is denied.

25     **41.    Witnesses in Protective Custody**

26

ORDER GRANTING IN PART AND
DENYING IN PART FABEL'S MOTIONS
IN LIMINE

1    The Court is deferring its ruling on the question of the Government's reference to the

2 placement of witnesses in the Witness Security Program until trial.  See Order Granting In Part

3 and Denying in Part Rollness' Motions in Limine, pp. 6-7.

4         **42.    Sam Lockett Payments to Fabel**

5    Fabel's motion in limine to exclude evidence related to Sam Lockett's alleged payments

6 to Fabel in order to sell cocaine in Spokane, Washington is granted.

7         **43.    Exclusion of Minorities from the Hells Angels**

8    Fabel's motion in limine seeks to exclude evidence showing that the Hells Angels

9 excluded minorities from membership in the club.  In general, the Court agrees this should not

10 be a topic for testimony or argument.  However, the Court may allow into evidence the World

11 Rules of the Hells Angels which excludes African-Americans as members.

12                        **III.  CONCLUSION**

13    For the foregoing reasons, defendant Fabel's motions in limine (Dkt. #417) are

14 GRANTED IN PART and DENIED IN PART.

15

16    DATED this 16th day of February, 2007.

17

18

19                        Robert S. Lasnik
                          United States District Judge

20

21

22

23

24

25

26

ORDER GRANTING IN PART AND
DENYING IN PART FABEL'S MOTIONS
IN LIMINE